**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| IN RE: DHS SUBPOENA NUMBER<br><br>HSI-BH-2024-038901-001 | No. [Court #]<br>**FILED UNDER SEAL** |

**APPLICATION FOR ORDER COMMANDING MEDIALAB.AI, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SUBPOENA AND REQUEST TO SEAL**

The United States requests that the Court order MediaLab.AI, Inc. not to notify any person (including the subscribers and customers of the account listed in the above-referenced subpoena) of the existence of the subpoena for Six months, until September 6, 2024.

MediaLab.AI, Inc.is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. §§ 3486 and 2703(c)(2), as part of an investigation into the transportation of child pornography the Department of Homeland Security issued the attached administrative subpoena, subpoena number HSI-BH-2024-038901-001, which requires MediaLab.AI, Inc. to disclose certain records and information to the Department of Homeland Security.  This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id*.

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure may alert the target to the ongoing

investigation. Accordingly, there is reason to believe that notification of the existence of the subpoena will seriously jeopardize the investigation or unduly delay a trial, including by giving the target the opportunity to destroy or tamper with evidence, change patterns of behavior or flee prosecution. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Much of the evidence in this investigation is stored electronically. If alerted to the existence of the subpoena, the target could destroy that evidence, including information saved to personal computers, other electronic devices, or cloud storage.

For these reasons, the United States respectfully requests that the Court enter an appropriate Order directing MediaLab.AI, Inc. not to disclose the existence or content of the subpoena until September 6, 2024 except that MediaLab.AI, Inc. may disclose the subpoena to an attorney for MediaLab.AI, Inc. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until September 6, 2024. As noted above, these documents relate to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and the disclosure of these documents could alert the target to the ongoing investigation. Good cause exists to seal these documents because their premature disclosure may jeopardize that investigation.

Dated: March 6, 2024    DARCIE N. MCELWEE
    UNITED STATES ATTORNEY

    /s/ Chris Ruge
    Chris Ruge
    Assistant United States Attorney